# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

## CASE NO. 25-30332

---

## SHEILA TAYLOR,

*Plaintiff-Appellant,*

## V.

## WALMART INCORPORATED

*Defendant-Appellee*

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

## APPELLANT'S BRIEF

Prepared by:

**PIUS AKAMDI. OBIOHA, BAR #25810**
**1550 North Broad Street**
**New Orleans, LA 70119**
**Telephone:(504) 265-0437**
**Facsimile: (504) 265-0440**
pius@obiohalaw.com
*Attorneys for Plaintiff-Appellant*
**Sheila Taylor**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Sheila Taylor – Plaintiff–Appellant

2. Walmart Inc.  – Defendant–Appellee

3. XYZ Insurance Company – Defendant–Appellee

4. Pius Akamdi Obioha of the law firm of Pius A Obioha & Associates APLC – Counsel for Plaintiff–Appellant

5. Christopher James-Lomax & Matthew Zane Clute – of the law firm of McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch – Counsel for Defendant-Appellee

This certificate will be supplemented as required by Rule 28.2.1.

s/ Pius Akamdi Obioha

_____

**Pius Akamdi Obioha**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fifth Circuit Rule 28.2.3, Appellant respectfully requests oral argument. This appeal presents important questions regarding the application of Louisiana's slip-and-fall statute, La. R.S. 9:2800.6, and the proper standard for summary judgment in cases involving disputed issues of material fact. Oral argument would assist the Court in evaluating the evidentiary record, the procedural posture of the case, and the implications of the district court's refusal to consider Appellant's opposition due to circumstances beyond her control. The issues presented are fact-intensive and involve credibility determinations that are inappropriate for resolution at the summary judgment stage.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES....................................................................................IV

JURISDICTIONAL STATEMENT....................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW.................................2

CONCISE STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS......................2

SUMMARY OF ARGUMENTS.........................................................................3

     Standard of Review.......................................................................................4

     Assignment of Errors of the Lower Court....................................................5

- Reversible Error 1
- Reversible Error 2
- Reversible Error 3
- Reversible Error 4
- Reversible Error 5

ARGUMENT.......................................................................................................6

- The District Court Erred in Granting Summary Judgment Under La. R.S. 9:2800.6 Despite the Existence of Genuine Issues of Material Fact
- Existence of an Unreasonable Risk of Harm:
- Foreseeability and Appellee's Control of the Premises
- Summary Judgment was Improper Given Disputed Material Facts
- Actual or Constructive Notice:
- Failure to Exercise Reasonable Care:
- Summary Judgment Standard Under Federal Rule of Civil Procedure Rule 56

     Discussion Of The Errors Assigned..............................................................11

- Walmart Created the Hazardous Condition Through Its Agents or Daily Operations
- Testimony Regarding Employee Reactions and Presence Creates a Genuine Dispute as to Actual Notice
- The Absence of Inspection Records and Witness Testimony Regarding Duration of the Hazard Creates a Dispute as to Constructive Notice
- The Defendant is Yet to Meet the Minimum Requirements of *Rule 56 of FRCP*, as its Motion is not Premised on Uncontested Facts.

CONCLUSION...................................................................................................17

CERTIFICATE OF SERVICE..........................................................................18

CERTIFICATE OF COMPLIANCE.............................................................19

APPENDIX

- ROA.25-30332.125 – 130 – Order and Amended Scheduling Order
- ROA.25-30332.131 – 546 – Defendant's Motion for Summary Judgment and Supporting Documents
- ROA.25-30332.547 – 638 – Defendant's Motion in Limine and Supporting Documents
- ROA.25-30332.644 – 655 – Order Granting Defendant's Motion for Summary Judgment
- ROA.25-30332.657 – 771 – Plaintiff's Motion for Relief from Judgment and Supporting Documents
- ROA.25-30332.155 – 278 - Deposition of Sheila Taylor
- ROA.25-30332.279 – 395 - Deposition of Virginia Isaac
- ROA.25-30332.402 – 541 - Deposition of Leah Reives

TABLE OF AUTHORITIES

CASES

Cloyd v. KBR, Inc
   No. 21-20676 (5th Cir. 2022) ...................................................................4, 9

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) ..................................................................................9

DirecTV Inc. v. Robson,
   420 F.3d 532 (5th Cir. 2005) .....................................................................9

Johnson v. Pettiford,
   442 F.3d 917 (5th Cir. 2006) .....................................................................9

Dishotel v. Walmart Louisiana LLC
   850 F.3d 742 (5th Cir. 2017) ...................................................................10

Anderson v. Liberty Lobby Inc.,
   477 U.S. 242, 248 (1986) ........................................................................10

Tolan v. Cotton,
   575 U.S. 650, 657 (2014) ........................................................................11

Reeves v. Sanderson Plumbing Products Inc.,
   530 U.S. 133, 150 (2000) ........................................................................11

Davidson v. Fairchild-Burns Construction Co.,
   530 U.S. 133, 150 (2000) ........................................................................11

Davis v. Cheema, Inc
   171 So. 3d 984....................................................................................12

Bearden v. K & A of Monroe LLC,
   399 So. 3d 515................. .................................................................12

Sheffie v. Wal-Mart La. LLC,
   134 So. 3d 80................. ..................................................................13

Lewis v. Jazz Casino Co., L.L.C.
   245 So. 3d 68....................................................................13, 14, 15

Rodgers v. Food Lion, Inc.
   756 So. 2d 624.....................................................................14, 15

*Marrero v. I. Manheim Auctions, Inc.,*
    321 So. 3d 406 ................................ ..................................................................15

*Babin v. Winn-Dixie La., Inc.,*
    764 So. 2d 37 ...........................................................................................15

STATUTES

5th Cir. R. 28.2.1 ...........................................................................................ii

La. Rev. Stat. Ann. § 9:2800.6 (2023) .........................1, 2, 3, 5, 6, 8, 15, 17

28 U.S.C. § 1441 (2018) ............................................................................1, 2

28 U.S.C. § 1291 (2018) ................................................................................1

Fed. R. Civ. P. 56 ....................................................................................4, 9, 16

Fed. R. Civ. P. 60 .........................................................................................3, 6

La. Rev. Stat. Ann. § 9:2800.6(A) (2023) ...............................................6, 11

La. Rev. Stat. Ann. § 9:2800.6(B) (2023) ...............................................6, 12

La. Rev. Stat. Ann. § 9:2800.6(B)(2) (2023) .........................................10, 13

La. Rev. Stat. Ann. § 9:2800.6(C)(1) (2023) .............................................14

Fed. R. App. P. 32 .........................................................................................19

## JURISDICTIONAL STATEMENT

This appeal is brought by Plaintiff–Appellant Sheila Taylor from a final judgment entered on May 8, 2025, by the United States District Court for the Eastern District of Louisiana (Hon. Susie Morgan), which granted summary judgment in favor of Defendants–Appellees Walmart Inc. and XYZ Insurance Company and dismissed all of Plaintiff's claims.

The underlying action was originally filed in Louisiana state court under state negligence law, La. R.S. 9:2800.6, and was properly removed to federal court by Walmart pursuant to 28 U.S.C. § 1441.

The United States Court of Appeals for the Fifth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which confers jurisdiction over final decisions of the district courts. Plaintiff–Appellant timely filed a notice of appeal in accordance with Federal Rule of Appellate Procedure 4(a).

## STATEMENT OF ISSUE(S) PRESENTED FOR REVIEW

Whether the district court erred in granting summary judgment in favor of Walmart Inc. where genuine issues of material fact existed under Louisiana's slip-and-fall statute, La. R.S. 9:2800.6, and where Appellant was denied a reasonable opportunity to file an opposition due to force majeure circumstances, despite consent

from opposing counsel and a timely request for relief under Federal Rule of Civil Procedure 60(b).

## CONCISE STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS

This appeal arises from a premises liability action brought by Sheila Taylor against Walmart Inc. for injuries she sustained on October 27, 2022, after tripping over unattended bags of charcoal in a Walmart store. Taylor filed suit for damages in Louisiana state court on April 25, 2024, under La. R.S. 9:2800.6, and Walmart removed the matter to the United States District Court for the Eastern District of Louisiana on June 27, 2024, pursuant to 28 U.S.C. § 1441.

Following discovery, Walmart filed a Motion for Summary Judgment on April 25, 2025, and a motion in limine the same day. On May 1, 2025, the district court issued an Amended Scheduling Order requiring oppositions to non-evidentiary motions to be filed by May 2, 2025. On May 5, 2025, Judge Morgan's chambers contacted Appellant's counsel, requesting that the opposition to the motion for summary judgment be submitted no later than May 7, 2025, at 5:00 p.m. However, due to severe weather and a resulting power outage, Appellant's counsel lost access to telephone, internet, and electronic case files, making it impossible to retrieve and submit the necessary materials to oppose the motion.

On May 7, 2025, Appellant's counsel contacted Walmart's counsel to request an unopposed extension of time. Walmart confirmed it had no objection, and Appellant filed a formal motion for extension on May 10, 2025. Nevertheless, the district court entered summary judgment in favor of Walmart on May 8, 2025, before the motion for extension was ruled upon and subsequently denied Appellant's Rule 60(b) motion for relief filed on May 9, 2025. Appellant now seeks reversal of the district court's judgment and remand for trial on the merits, asserting that the court erred in granting summary judgment without considering Appellant's opposition and in refusing to grant relief under the documented force majeure circumstances.

## SUMMARY OF ARGUMENT

The district court erred in granting summary judgment in a case replete with disputed material facts concerning the existence of a hazardous condition, Walmart's actual or constructive knowledge, and its failure to exercise reasonable care under La. R.S. 9:2800.6. Appellant presented deposition testimony, circumstantial evidence, and detailed factual assertions sufficient to meet her burden and survive summary judgment.

The court also erred by denying Appellant's unopposed motion for extension of time and motion for relief under Rule 60(b), despite clear documentation of a power outage and adverse weather that prevented timely filing. These procedural missteps deprived Appellant of her day in court and foreclosed the opportunity for a

jury to resolve the factual disputes at issue. Because summary judgment was neither procedurally proper nor legally supported, the judgment must be reversed and the case remanded for trial.

### **Standard of Review**

Appellant invokes the constitutional and supervisory authority of this Court to review the rulings of the district court and to reverse its judgment as a matter of law. See <u>U.S. Const. art. III</u>. The Fifth Circuit reviews a district court's grant of summary judgment *de novo*. Under this standard, the appellate court applies the same legal standards as the district court and affords no deference to the lower court's findings or conclusions. See *Cloyd v. KBR, Inc*.[1]

Summary judgment is proper only if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. <u>Fed. R. Civ. P. 56(a)</u>. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. In evaluating such a motion, the Fifth Circuit draws all reasonable inferences and resolves all doubts in favor of the nonmovant.

---

[1] No. 21-20676 (5th Cir. 2022).

Accordingly, this Court exercises plenary review over the district court's decision and must reverse if the record reveals any genuine issue of material fact or if the law was misapplied.

## Assignment of Errors of the Lower Court

Appellant respectfully submits that the district court committed the following reversible and manifest errors:

1. **Reversible Error #1**: The district court erred by failing to take judicial notice of Appellee's express consent to Appellant's unopposed motion for extension of time to file an opposition to the motion for summary judgment.

2. **Reversible Error #2:** The district court erred by failing to acknowledge and consider force majeure circumstances, namely the severe weather and resulting power outage, which were beyond Appellant's counsel's control and directly impacted counsel's ability to comply with the court's deadline.

3. **Reversible Error #3:** The district court committed manifest error by misinterpreting and misapplying the standard of proof under Louisiana's slip-and-fall statute, La. R.S. 9:2800.6, thereby precluding Appellant from presenting sufficient evidence to a jury.

4. **Reversible Error #4:** The district court misapplied the summary judgment standard under Federal Rule of Civil Procedure 56 by disregarding genuine disputes of material fact that should have precluded summary disposition.

5. **Reversible Error #5:** The district court abused its discretion by denying Appellant's motion for relief from judgment under Federal Rule of Civil Procedure 60(b), despite clear evidence of excusable neglect and the absence of prejudice to Appellee, thereby depriving Appellant of the opportunity to have her claims heard by a fair and impartial jury.

## ARGUMENT

### A. The District Court Erred in Granting Summary Judgment Under La. R.S. 9:2800.6 Despite the Existence of Genuine Issues of Material Fact

Under Louisiana law, merchants owe a statutory duty to exercise reasonable care to keep their premises in a reasonably safe condition for persons lawfully on the premises. This duty includes taking reasonable steps to keep aisles, passageways, and floors free from conditions that may give rise to harm. La. R.S. 9:2800.6(A).

To prevail in a slip-and-fall claim against a merchant, the plaintiff must establish the following elements pursuant to La. R.S. 9:2800.6(B):

1. The condition presented an unreasonable risk of harm to the plaintiff, and that risk of harm was reasonably foreseeable;

2. The merchant either created the condition or had actual or constructive notice of the condition prior to the occurrence; and

3. The merchant failed to exercise reasonable care. The absence of a written or verbal uniform cleanup or safety procedure, by itself, is insufficient to prove failure to exercise reasonable care.

## B. Existence of an Unreasonable Risk of Harm:

In this case, Appellant submitted deposition testimony and other competent summary judgment evidence establishing that bags of charcoal were left on the floor of the store.[2] These unattended charcoal bags, left in a walking path, created a clear tripping hazard that posed an unreasonable risk of harm to patrons.

## C. Foreseeability and Appellee's Control of the Premises

The premises were under the exclusive care, custody, and control of Appellee, Walmart. Given Walmart's familiarity with the layout and operations of its store, as well as the inherent risk posed by loose merchandise in a high-traffic area, the danger was reasonably foreseeable. A jury could reasonably conclude that Walmart either created the condition or had constructive notice sufficient to trigger its duty of care.

## D. Summary Judgment was Improper Given Disputed Material Facts

The record establishes the existence of genuine disputes of material fact, including whether the hazard existed long enough to be discovered and remedied,

---

[2] See ROA.25-30332.199 -200, ROA.25-30332.201:8, ROA.25-30332.202:60 (Appellant's Deposition, R. Doc. 22, pp. 45–46, 47:8, 48–60).

and whether Walmart took adequate steps to prevent such hazards. These are classic fact issues for a jury to resolve and not appropriate for summary judgment.

Accordingly, the district court committed reversible error in granting summary judgment. The judgment should be reversed, and the case remanded for trial on the merits.

### E. Actual or Constructive Notice:

Walmart unquestionably created the risk of harm, having full custody, control, and ownership of the premises at all relevant times before the incident. There is no record evidence of any intervening cause that would relieve Walmart of its duty to monitor and maintain the premises. The store manager on duty testified during her deposition that she could not recall whether any employee had been assigned to walk through, monitor, or clean the charcoal aisle to ensure that it was safe and free from hazards.[3] The absence of such procedures supports the conclusion that Walmart had both actual and constructive notice of the hazardous condition.

### F. Failure to Exercise Reasonable Care:

Where a merchant fails to exercise reasonable care, it is liable for damages to an unsuspecting customer under La. R.S. 9:2800.6. The deposition of Walmart's store manager[4] is replete with admissions that the store failed to meet the standard

---

[3] ROA.25-30332.419 - 422, (Revies Deposition, R. Doc. 22, pp. 18-21).
[4] ROA.25-30332.420 - 424, (Revies Deposition, R. Doc. 22, pp. 19–23).

of care. The manager did not know whether any safety measures were in place to keep the aisles clear.[5] This lack of awareness evidences a breakdown in several layers of responsibility, including the cleaning crew, walk-through personnel, and the zone defense team assigned to each department.[6] The record thus reflects multiple statutory violations, and Walmart should be required to proceed to trial on the merits.

### G. Summary Judgment Standard Under Federal Rule of Civil Procedure Rule 56

Summary judgment is appropriate only when the movant shows there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law.[7] A fact is material if its resolution could affect the outcome of the case.[8] In considering such a motion, the court must determine whether the movant is entitled to judgment as a matter of law under Rule 56(a). All reasonable inferences must be drawn, and any doubts resolved, in favor of the nonmoving party.[9] Even if unopposed, summary judgment is not automatic. The court must independently determine whether the movant is entitled to judgment as a matter of law.[10]

---

[5] ROA.25-30332.420 - 436, (Revies Deposition, pp. 19–35).
[6] ROA.25-30332.426 - 430, (Revies Deposition, pp. 25–30).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).
[8] *DirecTV Inc. v. Robson*, 420 F.3d 532 (5th Cir. 2005).
[9] *Cloyd v. KBR Inc.*, No. 21-20676 (5th Cir. Sept. 8, 2022).
[10] *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006).

Here, Appellant submitted a Statement of Contested Material Facts[11] identifying numerous disputed issues, including:

- Whether the hazard was visible at the time of the incident;

- Whether Walmart had actual knowledge of the condition;[12]

- Whether the individuals near the charcoal bags were Walmart employees or agents;[13]

- Whether Walmart exercised reasonable care regarding how long the bags were left unattended;[14]

- Whether the surveillance footage supports Walmart's defense;

- And whether Walmart followed its own safety policies and procedures.[15]

Appellant's submission identified twelve separate, genuine disputes of material fact that precluded summary judgment and supported the need for a trial on the merits. The Fifth Circuit has extensively analyzed the application of La. R.S. 9:2800.6(B)(2) in *Dishotel v. Walmart Louisiana LLC*,[16] A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[17] When reviewing a motion for summary judgment, the court must view all

---

[11] ROA.25-30332.728, (R Doc. 30-10).
[12] ROA.25-30332.200:8-20, (Taylor Deposition, p. 46, lines 8–20).
[13] ROA.25-30332.328:2-12, (Isaacs Deposition, p. 50, lines 2–12).
[14] ROA.25-30332.336:10-25, (Isaacs Deposition, p. 58, lines 10–25).
[15] ROA.25-30332.432:8-22, (Revies Deposition, p. 31, lines 8–22).
[16] 850 F.3d 742 (5th Cir. 2017).
[17] *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

facts in the light most favorable to the nonmovant and draw all inferences in that party's favor.[18]

Courts may not make credibility determinations, weigh conflicting evidence, or resolve factual disputes.[19] This is particularly critical in negligence and premises liability cases, where liability often turns on fact-intensive issues such as notice, breach, and the adequacy of safety procedures. As the Fifth Circuit has recognized, summary judgment is rarely appropriate in negligence cases, even when material facts are not heavily contested, because application of the reasonable care standard depends on the specific factual context.[20] Whether a merchant had notice of a hazardous condition is typically a question for the jury. Moreover, when the outcome hinges on credibility, circumstantial evidence, or competing interpretations of fact, summary judgment is not the proper procedural vehicle, and the case should proceed to trial.

## <u>DISCUSSION OF THE ERRORS ASSIGNED</u>

Under Louisiana law, Walmart, as a merchant, owes a duty to exercise reasonable care to keep its premises in a reasonably safe condition for customers. See La. R.S. 9:2800.6(A). To recover under the Louisiana Merchant Liability Act,

---

[18] *Tolan v. Cotton*, <u>575 U.S. 650, 657</u> (2014).
[19] *Reeves v. Sanderson Plumbing Products Inc.*, <u>530 U.S. 133, 150</u> (2000).
[20] *Davidson v. Fairchild-Burns Construction Co.*, <u>530 U.S. 133, 150</u> (2000).

Plaintiff must show: (1) the condition presented an unreasonable risk of harm that was reasonably foreseeable; (2) Walmart created or had actual or constructive notice of the condition; and (3) Walmart failed to exercise reasonable care. La. R.S. 9:2800.6(B). Walmart's motion focuses on the second element which is knowledge, but genuine disputes exist under all three.

### A. Walmart Created the Hazardous Condition Through Its Agents or Daily Operations

A plaintiff may establish merchant-created liability under La. R.S. 9:2800.6(B)(2) not only through direct testimony but also by relying on circumstantial evidence suggesting the condition resulted from the merchant's conduct.[21] In *Bearden*, circumstantial evidence was held sufficient where the condition was closely tied to the store's activities.

In this case, Plaintiff tripped over large bags of charcoal in a department fully controlled by Walmart. Two individuals wearing Walmart-style vests were seen standing near the hazard before and after the incident. Though Walmart now claims they were outside contractors, there is no definitive evidence of that in the record, and the issue is in dispute. Like in *Davis*, where circumstantial facts could support the conclusion that a merchant's staff created a hazard, the circumstances here, including employee presence and the type of item, supports an inference that

---

[21] *Davis v. Cheema, Inc* 171 So. 3d 984; *Bearden v. K & A of Monroe LLC,* 399 So. 3d 515.

Walmart, or its agents placed the bags or failed to move them. This is a question for the jury, not one resolvable by summary judgment.

### B. **Testimony Regarding Employee Reactions and Presence Creates a Genuine Dispute as to Actual Notice**

To satisfy the actual notice requirement under La. R.S. 9:2800.6(B)(2), a plaintiff need not present direct admissions of fault. Circumstantial evidence, including employee statements and their proximity to the hazard, may be sufficient.[22] In *Sheffie*, the court held that surveillance footage of employees near a spill was enough to infer actual awareness and deny summary judgment. Here, Plaintiff testified that she heard multiple individuals say "sorry" immediately after the fall. Her companion, Ms. Issacs, also testified that two men wearing blue vests were present in the area at the time of the incident and appeared to be employees. Walmart disputes their identity and claims they were outside contractors but does not present sworn testimony from those individuals.

In light of this evidence, the jury could reasonably conclude that Walmart personnel were aware of the hazard and failed to address it. Whether the "sorry" comments reflect awareness of the bags or are mere sympathy expressions is a factual question not suitable for summary judgment. See *Lewis v. Jazz Casino Co.,*

---

[22] *Sheffie v. Wal-Mart La. LLC,* 134 So. 3d 80.

13

_L.L.C._,[23] (reversing summary judgment where employees' behavior gave rise to questions of actual or constructive notice).

## C. <u>The Absence of Inspection Records and Witness Testimony Regarding Duration of the Hazard Creates a Dispute as to Constructive Notice</u>

Constructive notice under La. R.S. 9:2800.6(C)(1) exists when a hazard remains for such a period that a merchant exercising reasonable care would have discovered it. Although the law requires a temporal element, courts do not require precise timing. Circumstantial evidence, such as the nature and location of the hazard, absence of inspection procedures, or employee presence nearby, may support an inference of constructive notice.[24]

Walmart has not provided any inspection records, sweep logs, or employee testimony to establish when the area was last checked prior to Plaintiff's fall. In Lewis, summary judgment was reversed where the merchant failed to show reasonable maintenance procedures, and the hazard was in a trafficked location. Similarly, in _Rodgers_, summary judgment was denied because the store's failure to inspect and the amount of spilled wine suggested the condition existed for some time.

---

[23] <u>245 So. 3d 68</u>.
[24] _Rodgers v. Food Lion, Inc._ <u>756 So. 2d 624</u>; _Lewis v. Jazz Casino Co., L.L.C._, <u>245 So. 3d 68</u>.

This case is unlike _Marrero v. I. Manheim Auctions, Inc._,[25] where summary judgment was granted only because the plaintiff presented no evidence at all regarding how long the hazard had existed or how it could have been discovered. Here, Plaintiff has offered multiple facts supporting constructive notice, including the placement of the charcoal bag in a department solely maintained by Walmart, the absence of sweep or inspection records, and the visible presence of individuals who appeared to be Walmart personnel near the hazard before the fall.

Courts applying La. R.S. 9:2800.6 has emphasized that a plaintiff's burden can be satisfied by circumstantial evidence supporting a reasonable inference of duration. In _Rogers v. Food Lion, Inc._,[26] the court denied summary judgment where the amount of liquid, lack of rapid leak, and failure to inspect gave rise to a jury question on constructive notice. Similarly, in _Lewis v. Jazz Casino Co., L.L.C.,_[27] The court reversed summary judgment where the merchant failed to show when the area had last been inspected.

Unlike the plaintiff in _Babin v. Winn-Dixie La., Inc._,[28] who relied purely on speculation, Plaintiff here identified affirmatively, observable conditions that, when combined with Walmart's silence on inspection practices, establish a positive showing of duration by inference. Whether Walmart's conduct satisfied its statutory

---

[25] 321 So. 3d 406.
[26] 756 So. 2d 624.
[27] 245 So. 3d 68.
[28] 764 So. 2d 37.

duty under La. R.S. 9:2800.6 is a question of fact. When the evidence is incomplete and the inferences are debatable, summary judgment must be denied.

**D.** **The Defendant is Yet to Meet the Minimum Requirements of *Rule 56 of FRCP*, as its Motion is not Premised on Uncontested Facts.**

Defendant's motion for summary judgment fails to meet the minimum requirements of Rule 56 of the Federal Rules of Civil Procedure because it is not based on uncontested facts and does not affirmatively demonstrate the absence of a genuine issue of material fact. Under Rule 56(a) the burden is on the movant to show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. When, as here, the Defendant does not bear the burden of proof at trial on the issue of notice, it may meet its initial burden by pointing out a lack of evidence to support Plaintiff's claims. However, the movant must do so with competent summary judgment evidence, such as affidavits, depositions, interrogatory answers, or other admissible materials.

In this case, Walmart has not provided inspection records, employee testimony, or surveillance footage showing when the area in question was last monitored or inspected. It merely asserts that it had no notice of the hazard, while denying the significance of the individuals present at the scene and disputing their connection to the store. This is not enough to carry its burden under Rule 56. The presence of those individuals, Plaintiff's testimony about hearing apologies, and the

complete absence of documentation regarding inspection procedures create material factual disputes that cannot be resolved on summary judgment. Because Defendant has failed to affirmatively show that there is no genuine issue of material fact regarding its knowledge of the condition summary judgment must be denied. Plaintiff respectfully requests that this Court deny Defendant's motion and allow this case to proceed to trial.

## **CONCLUSION**

Defendant's motion for summary judgment should be denied. Plaintiff has presented sufficient factual evidence, both direct and circumstantial, to create genuine disputes as to each of the elements required under La. R.S. 9:2800.6.

First, the presence of large bags of charcoal in a department under Walmart's control, combined with the nearby presence of individuals who appeared to be Walmart employees, supports a reasonable inference that Walmart created the hazardous condition or allowed it to persist through its operations or agents.

Second, testimony that individuals responded to Plaintiff's fall by saying "sorry," along with visual confirmation of their presence in the surveillance footage and their Walmart-style uniforms, creates a triable issue as to whether Walmart had actual knowledge of the hazard.

Third, the absence of any evidence that Walmart conducted inspections or monitored the area prior to the incident, coupled with the nature and placement of

the hazard and employee presence, raises a genuine issue as to constructive notice. In the cases, Plaintiff here has offered sufficient evidence negating summary judgment and requiring jury resolution.

Because the outcome of this case depends on credibility assessments, factual interpretations, and the application of the reasonableness standard in the face of disputed testimony, summary judgment is inappropriate. This Court should allow a jury to determine whether Walmart breached its duty of care and liable for Plaintiff's injuries. Pursuant to the supervisory authority of this court, appellant respectfully prays that the judgment of the lower court granting summary judgment be reversed and remanded as appropriate for a trial on the full merits of this case.


## CERTIFICATE OF SERVICE

I hereby certify that on this ____th day of _____ 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of the electronic filing to all counsel of record in this case.


s/ Pius Akamdi Obioha

_____
**Pius Akamdi Obioha**

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4031 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: August 1, 2025.

Respectfully submitted.

**PIUS A. OBIOHA & ASSOCIATES, APLC.**

s/ Pius Akamdi Obioha
**PIUS A. OBIOHA, BAR #25810**
1550 North Broad Street
New Orleans, LA 70119
Telephone:   (504) 265-0437
Facsimile:    (504) 265-0440
pius@obiohalaw.com
*Attorneys for Plaintiff*